IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Larry Melton, )<br>  )<br>              Petitioner, )<br>  )<br>         vs. )<br>  )<br> Wayne McCabe, Warden, )<br>  )<br>              Respondent. )<br>_____ ) | Civil Action No. 6:11-2790-RBH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND**

The petitioner is currently confined at Lieber Correctional Institution in the South Carolina Department of Corrections ("SCDC"). He was indicted in Chesterfield County in November 2007 for second degree criminal sexual conduct ("CSC") with a minor. Patricia C. Rivers represented the petitioner.

The petitioner pleaded guilty to the indictment on November 5, 2007. As part of the plea negotiations, the State agreed to a 15-year sentence and to dismiss charges of incest and lewd act on a minor. Subsequently, The Honorable Edward B. Cottingham,

Circuit Court Judge sentenced the petitioner to 15 years imprisonment.[1] The petitioner did not file a direct appeal.

On June 8, 2008, the petitioner filed an application for post-conviction relief ("PCR").  The respondent made its return on December 1, 2008.  On June 8, 2009, an evidentiary hearing on the matter was held at the Darlington County Courthouse before The Honorable Paul Burch, Circuit Court Judge.  The petitioner was present at the hearing and represented by Andrew F. McLeod.  Karen C. Ratigan of the South Carolina Attorney General's Office represented the respondent.

The petitioner testified on his own behalf at the PCR hearing.  The court also heard testimony from petitioner's plea counsel, Patricia C. Rivers.  The PCR court had before it a copy of the guilty plea transcript, the records of the Chesterfield County Clerk of Court, the petitioner's records from the SCDC, the application for PCR, and the respondent's return.  On June 25, 2009, the PCR court issued its order of dismissal and granted the petitioner a belated appeal pursuant to *White v. State,* 263 S.C. 110, 208 S.E.2d 35 (1974).  All other grounds of the application were dismissed with prejudice.

In his PCR application, the petitioner alleged that he was being held in custody unlawfully for the following reasons:

    1. Ineffective Assistance fo plea counsel:

        a. Failed to explain to the applicant the consequences of his plea.

---

[1] During the petitioner's sentencing hearing, the court made clear that but for the State's recommendation of a cap of 15 years, the court would have sentenced the petitioner to 20 years in prison (App. 22-23).  The petitioner had an extensive prior criminal record.  He was convicted around 1986 for assault and battery, disorderly conduct, and malicious damage to property.  In 1988, he was convicted of unlawful possession of a pistol and received 1 year confinement.  In 1990, the petitioner was convicted of 2nd degree burglary and distribution of crack cocaine. In 2002, the petitioner was convicted as a habitual drug trafficker.  He also had a probation violation from 2003, which resulted in active prison time (*id.* 15).

>> b. Failed to object when plea judge failed to advise the applicant of the full consequences of the plea.
>>
>> c. "[F]ailed to appraise [Applicant] of the mandates of S.C. Code Ann. § 17-13-140 and Schmerber v. California, 384 U.S. 757, 86 S. Ct. 1826 ["1966"] and S.C. Code Ann. § 24-21-560 . . . which results in Double Sentencing."
>
> 2. Involuntary guilty plea.

(App. 27-32).

In a document captioned "Second Amendment to Post Conviction Application" filed on November 21, 2008, the petitioner raised the following issue:

> 1. Ineffective assistance of plea counsel:
>
>> a. Failed to inform the Applicant of "the nature and contends [sic] of the 'consent order' in violation of [his] due process and equal protection rights."

In the order of dismissal, the PCR court noted it had the opportunity to review the record in its entirety and had heard the testimony and arguments presented at the PCR hearing and had weighed the testimony accordingly. The PCR court noted the petitioner alleged he had received ineffective assistance of counsel and that "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence" (App. 83 (quoting *Frasier v. State*, 570 S.E.2d 172, 174 (S.C. 2002)). The PCR court also noted that for an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance (*id.* (citing *Strickland v. Washington*, 466 U.S. 668 (1984); *Porter v. State*, 629

S.E.2d 353, 356 (S.C. 2006)).  The PCR court also noted that when there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial (*id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Roscoe v. State*, 546 S.E.2d 417, 419 (S.C. 2001)).

The PCR court summarized the petitioner's testimony and plea counsel's testimony as follows: the petitioner said he was originally arrested on this charge in 2002 but was soon released on bond.  He stated his motion for speedy trial was granted in April 2007, but he did not meet with plea counsel for several months.  The petitioner stated plea counsel should not have signed a consent order[2] waiving the 180-day requirement for a speedy trial.  The petitioner testified he had two meetings with plea counsel before the guilty plea hearing but admitted he never visited her in the time he was out on bond.  The petitioner continued by testifying that, in these meetings, they reviewed the victim's statement, the DNA evidence, and his version of events.  The petitioner testified plea counsel told him the State offered a 15-year sentencing recommendation and the dismissal of two charges in exchange for his guilty plea.  The petitioner stated he only pleaded guilty because plea counsel advised him to do so (App. 83-84).

The PCR court further noted that plea counsel confirmed these charges originated in 2002 when the petitioner was reported to have fathered his daughter's baby.  Plea counsel testified the State did not immediately pursue the charges because the petitioner was incarcerated on other charges.  Plea counsel testified that the State

---

[2]The consent order stated that the parties agreed to a date certain for trial on November 5, 2007, with the understanding that the date fell outside the requisite 180 day deadline for final disposition of the charges as provided in the speedy trial order signed by the court on April 4, 2007. The consent order further provided that if the case was not tried during the week of November 5, 2007, the State would consent to a bond reduction hearing at which time the court in its discretion might lift or alter previously imposed monetary conditions of bond (App. 78-79).

4

eventually decided to pursue the 2002 charges and re-indicted the petitioner in 2007 and that she discussed the re-indictment with the petitioner. Plea counsel also stated that she and the petitioner discussed the consent order, wherein the petitioner agreed to a date certain for trial outside of the requisite 180-day deadline in the speedy trial order. Plea counsel further stated that the petitioner consented to a delay because he insisted that the South Carolina Law Enforcement Division ("SLED") correct an error in its report.[3] Plea counsel stated she and the petitioner reviewed all of the State's evidence (including the DNA report) before he pled guilty, and she explained to the petitioner the benefits and disadvantages of the State's plea recommendation (App. 84).

After hearing this testimony, the PCR court found the petitioner had failed to meet his burden of proof with regard to his claims of ineffective assistance of counsel. The court found petitioner's testimony was not credible, while also finding plea counsel's testimony was credible. The PCR court further found plea counsel adequately conferred with the petitioner, conducted a proper investigation, and was thoroughly competent in her representation. The PCR court further noted the petitioner admitted to the plea court that he was guilty (App. 84 (citing App. 7-8)). The petitioner also told the plea court that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way (*id.*(citing App. 4-5; 8-9; 9-11)).

The PCR court found the petitioner failed to meet his burden of proving plea counsel was defective in not ensuring a speedy trial. While the petitioner was originally charged in 2002, the State did not take any further action for five years – in part because the petitioner was incarcerated on other charges. The petitioner, however, was re-indicted in 2007, and an order for a speedy trial was issued in April of that year. The PCR court

---

[3]According to counsel's testimony in the PCR hearing, the child's name was misspelled in the SLED DNA report, and the petitioner insisted that SLED had tested the wrong child (App. 63-65). The spelling of the child's name was eventually corrected in the SLED report (*id.* 70-71).

found plea counsel was not deficient in signing a consent order that countermanded the speedy trial order because the petitioner was aware of the impact of this consent order and insisted plea counsel sign it. Plea counsel stated this delay did not prejudice the petitioner. The PCR court agreed and found the petitioner had failed to present any evidence this delay in any way prejudiced his case. The PCR court noted it would be especially difficult to prove prejudice in this case when there is DNA proof – in the form of a small child – that petitioner had sexual intercourse with his daughter when she was 14 years old (App. 84-85 (citing App. 13-14)).

The PCR court found the petitioner failed to meet his burden of proving plea counsel failed to adequately meet with him and advise about both his charges and the State's recommendation. The PCR court found the petitioner made a knowing and voluntary decision to enter a guilty plea in exchange for the State dismissing charges of lewd act up on a child and incest and recommending a 15 year sentence (App. 85 (citing *Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969) (holding that, to be knowing and voluntary, a plea must be entered with a full understanding of the charges and the consequences of the plea)).

Accordingly, the PCR court found the petitioner had failed to prove the first prong of the *Strickland* test – that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The petitioner failed to present specific and compelling evidence that plea counsel committed either errors or omissions in his representation of the petitioner. The PCR court also found the petitioner had failed to prove the second prong of *Strickland* – that he was prejudiced by plea counsel's performance. Therefore, the PCR court concluded the petitioner had not met his burden of proving counsel failed to render reasonably effective assistance (App. 85-86 (citing *Frasier v. State*, 570 S.E.2d at 174)).

The PCR court further found the petitioner should be allowed to file a belated appeal from his guilty plea as his counsel could not recall whether or not he had requested she file an appeal. The court noted that when a PCR judge determines that the applicant did not freely and voluntarily waive his appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues pursuant to *White v. State*, 208 S.E.2d 35 (S.C. 1974) (App. 86 (citing Rule 243(g)(1), SCACR; *Davis v. State*, 342 S.E.2d 60, 60 n.1 (S.C. 1986) ("Even where the post-conviction relief judge makes this finding, he may not grant relief on this basis. Instead, the applicant must petition this Court for a *White v. State* review.")).

As to any and all allegations that were raised in the application or at the PCR hearing and not specifically addressed in the PCR court's order, the PCR court found the petitioner failed to present any evidence regarding such allegations. Therefore, they were denied and dismissed. Based on all the foregoing, the PCR court found the petitioner had not established any constitutional violations or deprivations before or during his trial and sentencing proceedings. The PCR court found that counsel was not deficient in any manner, nor was the petitioner prejudiced by counsel's representation. Therefore, the PCR application was denied and dismissed with prejudice (App. 86-87).

The petitioner appealed from the denial of PCR by way of a petition for writ of certiorari and a *White v. State* brief. The petitioner was represented by Wanda H. Carter, Deputy Chief Appellate Defender for the South Carolina Commission on Indigent Defense. The petitioner raised the following issues to the South Carolina Supreme Court in his petition for writ of certiorari:

> 1. Did the PCR Court properly find that Petitioner did not voluntarily and intelligently waive his right to a direct appeal in this case?

> 2. Did trial counsel err in waiving Petitioner's right to a speedy trial in the case because the five-year delay between indictment and conviction resulted in a coerced guilty plea?

In his *White v. State* brief, the petitioner raised the following direct appeal issue to the South Carolina Supreme Court:

> Did the trial judge err in accepting Appellant's guilty plea without an inquiry into whether he understood that the plea would waive his right to cross-examine his accusers?

The State filed a return on April 9, 2010, and a brief pursuant to *White v. State* on that same date. On July 25, 2011, the South Carolina Supreme Court granted certiorari on Question 1 of the petition for writ of certiorari and denied certiorari on the second issue. The court reviewed the direct appeal issue and then affirmed the petitioner's conviction and sentence pursuant to Rule 220(B)(1), SCACR; *State v. Turner*, 644 S.E.2d 693 (S.C. 2007); and Rule 203(d)(1)(B)(iv), SCACR.[4] The Remittitur was issued on August 10, 2011.

The petitioner filed a second application for PCR on September 14, 2011 (2011-CP-13-0439). In this application, the petitioner raised the following allegations:

> (1) Involuntary guilty plea.
> (2) The guilty plea was a result of ineffective assistance of counsel and the guilty plea was involuntary and unintelligently made.

On February 10, 2012, The Honorable Paul Burch filed a conditional order of dismissal denying and dismissing the petitioner's second PCR application on the grounds it was time barred under the state statute of limitations and the application was improperly successive

---

[4] The respondent argues that from a review of the guilty plea transcript and the authorities cited by the South Carolina Supreme Court in dismissing the belated appeal, it appears the court found the issue raised in the *White v. State* brief was not preserved for appellate review because it was not raised below. *See Turner*, 644 S.E.2d at 696 n.1 (finding one issue not preserved because it was not raised below).

under state law. The conditional order of dismissal was served on the petitioner on February 17, 2012. The petitioner was granted 20 days to respond to the conditional order of dismissal. He did not respond. On March 22, 2012, Judge Burch filed a final order of dismissal finding that for the reasons set forth in the conditional order of dismissal the petitioner's second PCR application should be dismissed with prejudice. On March 24, 2012, the petitioner wrote the Attorney General notifying the Attorney General of his intent to dismiss his second PCR application and copied the letter to the Clerk of Court for Chesterfield County.

## UNDERLYING CASE FACTS

At the petitioner's guilty plea to the charge of criminal sexual conduct with a minor in the 2nd degree, the State presented facts showing that between March 1, 2001, and May 15, 2001, the petitioner willfully and unlawfully had sexual intercourse with (committed a sexual battery on) his 14 year old daughter. The petitioner's daughter was living with him in Chesterfield County following his release from prison at the time. The petitioner's daughter became pregnant and gave birth to a child on December 27, 2001. Subsequently, the South Carolina Department of Social Services ("DSS") performed a paternity test on the child that determined that the petitioner was the father of his daughter's child. The State also did separate blood testing through SLED that confirmed to a 99.99% certainty that the petitioner was the father of the child (App. 12-14, 21).

## FEDERAL HABEAS ACTION

The petitioner filed his federal habeas petition on October 18, 2011. In his original petition, the petitioner made the following claims of error:

> Ground one: Trial counsel erred in waiving petitioner's right to a speedy trial in the case because the five-year delay between indictments and conviction resulted in a coerced guilty plea.

>Supporting facts: The State court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding 2254(d)(2).
>
>Ground two: The court lacked subject matter jurisdiction over the criminal sexual conduct in the second degree (07).
>Supporting facts: The State court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 2254(b)(2).
>
>Ground three: Guilty plea was not knowingly and intelligently made in violation of Due Process Clause of the $14_{th}$ Amendment.
>Supporting facts: The state court made an unreasonable determination of the facts in of the evidence present in the state court proceeding. 2254(b)(2).

(Pet. 5-8).

On February 27, 2012, the petitioner filed an amended petition claiming that his conviction, sentence, and custody are in violation of his 6th and 14th Amendment right to effective assistance of counsel because counsel "knowingly and prejudicially forfeited [his] right to speedy trial," which is essentially the same allegation contained in Ground One of the petitioner's original § 2254 petition (amended pet. 3).

On May 30, 2012, the respondent filed a motion for summary judgment. By order filed the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response in opposition on July 9, 2012.

In the petitioner's response in opposition to the motion for summary judgment, the petitioner concedes that Grounds Two and Three in his original petition are procedurally defaulted and states that this was the reason for his amended habeas petition. As the petitioner states, the "amended habeas petition should supplant all prior habeas claims and

10

petitions, as the amended habeas petition submits only those grounds and facts ripe for review by this court" (pet. resp. m.s.j. 4-5). Indeed, the petitioner stated in his amended petition that it "supplants all prior submissions" (amended pet. 1). Accordingly, the only ground for relief appropriately before this court is the petitioner's claim that he was denied effective assistance of counsel because his counsel "knowingly and prejudicially forfeited [his] right to speedy trial."

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise,

11

conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in

> "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is *de novo*. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA *de novo* standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

As discussed above, in the petitioner's one ground for relief in his amended petition, he contends that his right to effective assistance of counsel was violated in that his counsel "knowingly and prejudicially forfeited [his] right to a fast and speedy trial" (amended pet. 3). Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *Strickland* does not guarantee perfect representation, only a "'reasonably competent attorney.'" *Id.* at 687 (quoting *McMann v. Richardson*, 397 U. S. 759, 770 (1970)). There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case.

*Id.* at 690. With regard to guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The review of ineffective assistance of counsel claims in federal habeas is centered upon whether the state court decision was reasonable. 28 U.S.C. § 2254(d). Moreover, each step requires deference – deference to counsel and deference to the state court that previously reviewed counsel's actions:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ———, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ———, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 131 S.Ct. 770, 788 (2011).

The petitioner raised this issue in his first PCR action. The PCR court addressed this issue and found it to be meritless (App. 83-85). The PCR court noted that the petitioner stated he was originally arrested on this charge in 2002 and was released on bond. The petitioner stated his motion for speedy trial was granted in April 2007, but he did not meet with plea counsel until several months later. The petitioner stated plea counsel should not have signed a consent order waiving the 180-day requirement for a speedy trial and that he did not know about the consent order until after his plea. The petitioner stated he only pleaded guilty because plea counsel advised him to do so (*see id.* 50-55, 56-58). Plea counsel confirmed these charges originated in 2002 when the petitioner was reported

14

to have fathered his daughter's baby. Plea counsel testified the State did not immediately pursue the charges because the petitioner was incarcerated on other charges. Plea counsel testified the State eventually decided to pursue the 2002 charges and re-indicted the petitioner in 2007. Plea counsel testified she discussed the re-indictment with the petitioner. Plea counsel also stated that she and the petitioner discussed the consent order, wherein the petitioner agreed to a date certain for trial outside of the requisite 180 day deadline in the speedy trial order. Plea counsel further stated that the petitioner consented to a delay because he insisted that SLED correct an error in its report (*id.* 62-65). Plea counsel stated she and the petitioner reviewed all of the State's evidence (including the DNA report) before he pled guilty, and she explained to the petitioner the benefits and disadvantages of the State's plea recommendation (*see id.* 66-67).

The PCR court noted the petitioner admitted to the plea judge that he was guilty. The petitioner also told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way (App. 84).

The PCR court found that the petitioner's testimony was not credible and that his plea counsel's testimony was credible (App. 84). The court concluded that the petitioner failed to meet his burden of proving plea counsel was defective in not ensuring a speedy trial. While the petitioner was originally charged in 2002, the State did not take any further action for five years – in part because petitioner was incarcerated on other charges. The petitioner was re-indicted in 2007,[5] and an order for a speedy trial was issued in April 2007. The PCR court found plea counsel was not deficient in signing a consent order that countermanded the speedy trial order because the petitioner was aware of the consequences of this consent order and insisted plea counsel sign it. The court further

---

[5] The petitioner pleaded guilty to the 2007 indictment.

15

noted that plea counsel stated this delay did not prejudice the petitioner. The PCR court agreed and found the petitioner had failed to present any evidence this delay prejudiced his case. The PCR court noted it would be especially difficult to prove prejudice in this case when there is DNA proof – in the form of a small child – that petitioner had sexual intercourse with his daughter when she was 14 years old  (*id.* 84-85). Based upon the foregoing, the PCR court found the petitioner had failed to prove either prong of the *Strickland* test (*id.* 85-86).

When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58-59. As noted above, plea counsel testified the petitioner knew they could not adhere to the speedy trial order if they were to address his issues with the SLED report. Though the petitioner argues he did not learn about the consent order until after the plea hearing (pet. resp. m.s.j. 2), the PCR judge found plea counsel was a more credible witness (App. 84), and that finding is entitled to deference by this court. Further, the PCR court was correct in finding the petitioner failed to prove he was prejudiced by counsel's decision to sign the consent order. The petitioner pleaded guilty one month after the time provided for in the speedy trial order, and he has failed to show any prejudice from that delay. As noted by the PCR court, it would be especially difficult to prove prejudice and that he would have insisted on going to trial in this case given that a DNA test conclusively proved he fathered his 14 year old daughter's child (*id.* 13-14). The petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent. Additionally, the petitioner has failed to show by clear and convincing evidence that the PCR court reached an unreasonable factual determination given the evidence and record before the it. Accordingly, this ground should be dismissed with prejudice.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 32) be granted.

s/ Kevin F. McDonald<br>United States Magistrate Judge

December 6, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).