IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Larry Melton, ) | Civil Action No.: 6:11-cv-02790-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Wayne McCabe, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Larry Melton, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Respondent Wayne McCabe filed a return and memorandum, as well as a motion for summary judgment. The matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald.[1] In the R&R, the Magistrate Judge recommends that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's petition.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This habeas petition arises from Petitioner's guilty plea in the Chesterfield County, South Carolina, Circuit Court to second-degree criminal sexual conduct in November 2007. The facts and lengthy procedural history of this case are well-represented by the Magistrate Judge in his R&R and need not be restated in full. However, for the purposes of this order some procedural history is required.

In October 2011, Petitioner filed a Petition Under 28 U.S. § 2254 for Writ of Habeas Corpus with this Court, raising three claims. In February 2012, he amended his petition to one claim,

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

alleging that his conviction, sentence, and custody were in violation of his Sixth and Fourteenth amendment rights to effective assistance of counsel because counsel "knowingly and prejudicially forfeited [his] right to speedy trial." Am. Pet. 3, ECF No. 22. Respondent filed his return and a motion for summary judgment on May 30, 2012. ECF Nos. 32, 33. After receiving notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner responded to Respondent's motion on July 9, 2012. ECF No. 36. Subsequently, the Magistrate Judge issued an R&R, recommending that the Court grant Respondent's motion and dismiss Petitioner's petition. R&R, ECF No. 38. The R&R was sent to an incorrect address, and Petitioner did not receive notice of it until December 31, 2012—four days after his objections were due. As his objections were postmarked January 10, 2013, the Court accepted them as timely. ECF No. 47. The recommendation of the Magistrate Judge and Petitioner's objections are now before this Court.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the

recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends dismissing Petitioner's § 2254 petition. Specifically, he concludes that "[P]etitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent [and] to show by clear and convincing evidence that the PCR court reached an unreasonable factual determination given the evidence and record before . . . it." R&R 16. In his objections, Petitioner contends that the R&R was "misleading." He argues that the Magistrate Judge improperly found cause for a five-year delay in his conviction: his incarceration on other charges, which Petitioner notes only lasted thirteen months.[2] Moreover, Petitioner maintains that his trial counsel never discussed with him a consent order which waived his right under a speedy trial order issued by the trial court and provided a date certain for trial outside of the 180 period provided in the speedy trial order. Pet'r's Objs. 2-3. He claims he was prejudiced when his counsel "abandoned the interests of her client and joined the prosecution." *Id.* at 3-4. After reviewing pertinent parts of the Magistrate Judge's recommendation *de novo* in light of Petitioner's objections, the Court finds no error.

Petitioner essentially maintains that his trial counsel, without his *express* consent, consented along with the State to a waiver of his rights under the speedy trial order. He objects to the factual

---

[2] This objection does not relate to Petitioner's habeas claim, which alleges that his trial counsel was ineffective. Whether the State violated his rights to a speedy trial, if properly preserved, was a kind of issue more appropriate for direct appeal to South Carolina's appellate courts. Indeed, the Court notes that Petitioner does not argue that his counsel was ineffective for failing to challenge the 2007 re-indictment. Petitioner's only claim before the Court is whether his counsel was ineffective in waiving his right to a speedy trial.

3

findings of the PCR court, which were summarized in the Magistrate Judge's R&R. R&R 15.  He argues he "has steadfastly maintained from the beginning that counsel never discussed the consent order until after it was [signed] and submitted to the court." *Id.* at 3.  Indeed, the PCR court found that "[p]lea counsel stated that [Petitioner] insisted that she sign [the consent] order." ECF No. 33-1, at 88.  But the evidence presented to the PCR court still supports that Petitioner understood that it was necessary for his trial counsel to consent to a date certain for trial beyond the 180 days ordered in the speedy trial order.  According to his trial counsel, Petitioner insisted that the South Carolina Law Enforcement ("SLED") DNA report be "straightened out." *Id.* at 67.  When asked, "Did you consult with him about the fact that you were going to consent to the case being brought outside the 180 days," Petitioner's trial counsel answered, "I don't know that I said I going to consent.  But he wanted that S.L.E.D. report corrected, and you know, I had to wait for them to do that." *Id.* at 74.  Thus, it appears the consent order was a necessary action for Petitioner's trial counsel, *at Petitioner's insistence*, to "straighten[] out" the report.

However, even assuming there was an unreasonable deference to the facts found by the PCR court on this one issue, there is no prejudice.  Petitioner's trial counsel's mere failure to seek his *express* consent does not render her ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984).  As the Magistrate Judge notes in the R&R, the PCR court found Petitioner's trial counsel to be credible and Petitioner to not be credible.  At the PCR hearing, Petitioner's counsel testified that Petitioner was challenging the DNA paternity report on the basis that the child's name (or, perhaps, the child tested) was incorrect. ECF No. 33-1, at 64.  His trial counsel also testified that the error was only clerical and that the State was ready to proceed to trial before the speedy trial order's deadline. *Id.* at 68, 74.  She explained that Petitioner insisted that the report be corrected by SLED prior to trial. *Id.* at 74. Her decision to seek a date certain past the deadline in order to "straighten[]

4

out" the report does not "fall below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Clearly, she was attempting to accommodate Petitioner's demands in light of the DNA evidence that the State based its entire case on. The consent order was the only option to accommodate those demands against the backdrop of the speedy trial order and State's readiness to proceed. As Petitioner's counsel testified, "[Petitioner] wanted that S.L.E.D. report corrected, and you know, I had to wait for them to do that. It was the defense that was not prepared." ECF No. 33-1, at 74. Had counsel not abided by Petitioner's demands would Petitioner have challenged her failure as ineffective assistance as well?

The bottom line is that Petitioner was not prejudiced by his counsel's actions—the second prong of the *Strickland* analysis. 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). Petitioner argues that the case would have been dismissed were it not for his trial counsel's action. But he did not meet his burden of proving that fact to the PCR court. According to his counsel, the State was "happy to go ahead with the S.L.E.D. report." ECF No. 33-1, at 74. In other words, had Petitioner not demanded a correction of a clerical error, he would have likely received the speedy trial he sought. Petitioner therefore fails to show he was unduly prejudiced—here, whether the case would have been dismissed pursuant to the speedy trial order. Moreover, he gives no credible reason why he would have opted for a trial had the consent order not been issued. There simply is no evidence that his ultimate guilty plea was involuntary or coerced. Thus, the Court finds the PCR court's finding that Petitioner was not prejudiced was not a decision (1) "that was contrary to, or involved and unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "that was based on an unreasonable determination

5

of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). Petitioner's objections are, thus, overruled.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### CONCLUSION

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the motion for summary judgment, the parties' briefs, the Magistrate Judge's R&R, Petitioner's objections, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment is **GRANTED** and that Petitioner's § 2254 petition is **DISMISSED** *with prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                                s/ R. Bryan Harwell
                                                                R. Bryan Harwell
                                                                United States District Judge

Florence, South Carolina
August 19, 2013